UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23472-CIV-LENARD/O'SULLIVAN

MIAMI AIR INTERNATIONAL, INC.,

    Plaintiff,

v.

SATURN FREIGHT SYSTEMS, INC.,
a Georgia corporation,

    Defendant.
                              /

## ORDER

THIS MATTER is before the Court pursuant to the Defendant's Motion to Dismiss or, in the Alternative, to Transfer Action to the Northern District of Georgia or Western District of North Carolina (DE# 8, 11/15/12). This matter was referred to the undersigned by the Honorable Joan A. Lenard pursuant to the parties' consent (DE# 20, 12/14/12 ) and in accordance with 28 U.S.C. § 636(b) (DE# 20,12/14/12).  Having carefully reviewed the motion, the response and the reply, and having heard argument of counsel, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss or, in the Alternative, to Transfer Action to the Northern District of Georgia or Western District of North Carolina (DE# 8, 11/15/12) is DENIED.

    I.    Venue Is Proper

The defendant contends that the action should be dismissed because venue is improper.  The plaintiff bears the burden of showing that venue is proper.  Wai v.

Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004); Ford v. Supreme Court of Florida, 2006 WL 1382075 *4 (M.D. Fla. 2006).  In its complaint, the plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b) because "a substantial part of the events giving rise to the claim herein occurred in the Southern District of Florida, and Defendant may be found in the Southern District of Florida, inasmuch[ ] as it lists Miami, Florida as one of its business locations on its website."  Plaintiff's Complaint at ¶ 3.  The defendant is a national freight forwarding company.

Under 49 U.S.C. § 14706, a civil action may be brought against a delivering carrier in a district court of a State through which the defendant carrier resides or does business.  The defendant holds itself out as operating in and through Miami, Florida on the defendant's website.  Notably, the defendant does not contest personal jurisdiction.  See Plaintiff's Response at p. 4 (DE# 19, 12/14/12).  Venue is proper in this Court and the motion to dismiss for improper venue is denied.

      II.      Transfer Is Not Warranted

In the alternative, the defendant seeks transfer of the action to the Northern District of Georgia or the Western District of North Carolina "because the convenience of the parties and witnesses, ease of access to sources of proof, and the public interest favors suit in that forum."  Motion at 6 (DE# 8, 11/15/12).  Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2000).  Generally, federal courts will afford great deference to the plaintiff's choice of forum.  F.T.C. v.

Direct Benefits Group, LLC, Case No. 11-cv-1186-Orl-28TBS, 2012 WL 3715191 at *3 (M.D. Fla. August 7, 2012); In re Ricoh Corp., 870 F.2d 570, 573 (1989).  To obtain a transfer for convenience, the defendant must show by clear and convincing evidence that the balance of convenience weighs heavily in favor of the transferee court.  See Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 254 (11th Cir. 1996).  "[I]n the absence of a clear difference in convenience, the plaintiff's choice is determinative." JI Kislak Mortgage Corp. v. The Conn. Bank & Trust Co., 604 F. Supp. 346, 347 (S.D. Fla. 1985)(quoting NTN Bearing Corp. V. Charles E. Scott, Inc., 557 F. Supp. 1273, 1279 (N.D. Ill. 1983)).

The undersigned finds that the defendant has not met its high burden.  No one state is convenient for all of the witnesses and documentary evidence because witnesses and evidence are located in three different states.  Georgia and North Carolina are not more convenient than Florida.  Transfer of venue is not warranted.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **25th** day of February, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record